**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CALVIN LEON LOUIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  2018 C 6299 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| | ) | |
| ANTHONY ZANGRILLI, Individually and in his official capacity, | ) ) | |
| SOTERO GORDIS, Individually and in his official capacity, | ) ) | |
| and JOHN DOE DEFENDANTS, Individually and in their official capacity, | ) ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | Plaintiff Demands Trial By Jury |

**THIRD AMENDED COMPLAINT AT LAW**

Plaintiff, CALVIN LEON LOUIS, by and through his appointed counsel, JOHN J.

TOOMEY, ARNOLD AND KADJAN, LLP, and for his Amended Complaint at Law, states as

follows:

**I.  JURISDICTION & VENUE**

1.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the

deprivation, under color of state law, of rights secured by the Constitution of the United States

under the due process clause of the Fourteenth Amendment. The court has jurisdiction under 28

U.S.C. Section 1331 and 1343 (a)(3).

2.      The Northern District of Illinois is an appropriate venue under 28 U.S.C. section

1391 (b)(2) because the events giving rise to this claim occurred in Cook County, Illinois.

3.      Plaintiff has exhausted his available administrative remedies as required  by the

Prisoners Litigation Reform Act, 42 U.S.C. 1997(a) prior to bringing suit.

1

## II. PLAINTIFF

4.      Plaintiff Calvin Leon Louis, a 61 year old black male  and was at all times

mentioned herein incarcerated as a pre-trial detainee since July 24, 2017, detained while awaiting

trial by the State of Illinois in the custody of the Illinois Department of Corrections and was at all

times relevant hereto confined in the Cook County Jail, in Chicago, Illinois in protective custody

since August 2, 2017 in Division 10, Tier 1C, to be protected from assault from other inmates.

(a)      At all times relevant, Plaintiff was under the care, custody and control of the Cook

County Jail and its agents and employees who were responsible for Plaintiff's health, safety and

overall welfare.

## III. DEFENDANTS

5.      Defendant Anthony Zangrilli, Individually and in his official capacity, is a

Correctional Officer at the Cook County Jail, who at all times mentioned in this Third Amended

Complaint, held the rank of prison guard and was assigned to the Cook County Jail.

6.      Defendant Sotero Gordis, Individually and in his official capacity, is a

Correctional Officer at the Cook County Jail, who at all times mentioned in this Third Amended

Complaint, held the rank of prison guard and was assigned to the Cook County Jail who on

information and belief exercise placement of qualified inmates into Division 10-1C for protective

custody and wrote and implemented safety policies.  He handpicks inmates who qualify for

protective custody who must promise in writing to abide by the rules, which include no

threatening of other prisoners, and had knowledge of the threat and impending attack on

Plaintiff.

7.      Other John Doe Defendants, Individually and in their official capacities, who had

knowledge of Tramell McGraw Anderson's dangerous conduct, prior threats and who have read

or been advised of the contents of the warning note of the impending assault on Plaintiff by

Prisoner Anderson and took no action to guarantee Plaintiff's safety or protect him from attack.

Their identities are to be determined in discovery.

8.      Each Defendant is sued individually, and in their official capacity. At all times

mentioned in this complaint each defendant acted under the color of state law.  Each

governmental official defendant, though his own individual action has violated the Constitution

of the United States by acting with reckless indifference to the Plaintiff's rights.

9.      Pursuant to the Fourteenth Amendment, jail officers have a duty to protect

inmates from violence inflicted by other inmates.

### IV.  FACTUAL BACKGROUND

A.      Events Leading Up to the June 18, 2018 Assault

10.     Mr. Tramell McGraw Anderson, a 26 year old convicted murderer and gang

member with well documented proclivities for violence and threats to inmates and a history of

sexual deviancy toward other inmates, Anderson persistently and repeatedly warned Cook

County staff and other inmates alike that he did not want to be housed in Division 10-1C, and

that he would hurt someone if necessary to be returned to Division 9.  He is no longer

incarcerated at the Cook County Jail.  He is now serving a life sentence elsewhere for murder.

Jail officials knew of Anderson's violent disposition, threats of harm  and that he was a

dangerous inmate and a convicted murderer awaiting sentencing at the time of the occurrence.

11.     It is Plaintiff's understanding that Officer Sotero Gordis oversees placement of

qualified inmates onto Division 10-1C by a process "hand picking" of inmates who qualify.

Plaintiff cannot comment further absent discovery concerning Officer Gordis absent discovery

concerning Officer Gordis' official duties within this County of Cook.

3

12.     Mr. Anderson also made threats to inmate Joey Ybarro (20171028164) whom

shared a cell with him.  Mr. Ybarro reported these threats to Cook County Corrections Officer

Gmiterek #169.  Officer Gmiterek did make calls trying to get a cell switch, which did not occur.

13.     The Cook County Sheriff's Office has policies and procedural guidelines

expressly in place to reasonably preclude substantial risks to inmates in administrative protective

custody.  Again absent further discovery, it is difficult to ascertain Officer Gordis' immediate

supervisor, whom it seems to have failed to properly train or supervise Officer Gordis to

implement established policies and procedures regarding evaluating qualified admittance to

certain inmates into administrative protective custody Division 10-1C to protect other prisoners

from attack.

14.     Mr. Anderson made threats about hurting someone witnessed by Cook County

Staff Corrections Officer Denise Hobbs #16154.

15.     Officer Hobbs witnessed these threats that targeted Plaintiff and emailed Officer

Sotero Gordis to address the issue of protecting Plaintiff from assault by another inmate.

Nothing happened.

16.     On Sunday, June 17, 2018, Plaintiff, while in his cell, received from another

prisoner a handwritten message advising Plaintiff of the threat that Mr. Anderson would attack

Plaintiff when Plaintiff came out at the unlock of the cells.

17.     Plaintiff had no prior dealings with Prisoner Anderson or had any basis for

disagreement with his attacker whom he did not know.

4

18.     On June 17, 2018 Plaintiff came out of his cell at approximately 3:30 - 4:00 p.m. and immediately gave the warning note to the living unit officer, Officer Anthony Zangrilli, #18199, so that Plaintiff could be protected from any violence from Prisoner Anderson in the anticipated attack that reported a specific threat.

19.     Having read the note, Officer Anthony Zangrilli knew and was aware of the strong likelihood that Plaintiff would be seriously harmed and an attack was anticipated as a result of an assault by prisoner/detainee Anderson or at the very least, strongly suspected these facts that Plaintiff would be seriously harmed, but refused to confirm these facts were true. That Gordis and other John Doe Defendants were likewise aware and on notice and took no action to prevent the specific threat or protect Plaintiff from harm.

20.     On Monday, June 18, 2018 while Plaintiff was sitting and reading in an unlocked area, Prisoner Anderson in an unprovoked attack, tapped Plaintiff on the shoulder when Plaintiff turned, with great force punched and struck Plaintiff with a closed fist on the left side of his head knocking Plaintiff unconscious and smashed to the cement floor head first. Jail officials took no action to protect Plaintiff from an attack by Anderson which was captured on the jail's videotape system.

21.     The attack was captured on the Cook County Jail video recording system. The injury was so serious that, after being revised by paramedics, Plaintiff was transferred to Cook

County Hospital for blunt head trauma concussion with loss of consciousness given on MRI and kept overnight for observation before being returned to the jail.

22.     Plaintiff, now as a result from this attack, has reoccurring headaches and back pain.  Plaintiff's face is disfigured (scar tissue underneath skin) also psychological damages associated with the attacked is traumatizing at times.

23.     Plaintiff filed criminal charges against Mr. Anderson.  Mr. Anderson was then being housed in S.H.V. (i.e. solitary confinement) in Cook County Jail.  Once again, Plaintiff was exposed to Mr. Anderson on Plaintiff's court date.  Cook County Correctional Officers again placed Plaintiff and Mr. Anderson in the same bullpen awaiting transport to court where Plaintiff was again threatened by Anderson.  When the transport officer arrived, Officer Cuieton - Officer Castaneda then separated and transported Plaintiff separately to court from his attacker.

24.     Plaintiff was incarcerated under conditions posing a substantial risk of serious harm to Plaintiff and that the Defendants acted with deliberate indifference to that risk and failed to take appropriate steps to protect Plaintiff from the known danger that Prisoner Anderson was planning and did assault Plaintiff.

25.     By presenting the written warning note to Officer Zangrilli, he had actual knowledge of the substantial risk of harm to Plaintiff's health and safety, having been exposed to information concerning the risk and thus must have known about it.

6

26.     Defendants were aware of the specific threat of assault and the anticipated attack disclosed in the warning note and failed to act to take reasonable or any action despite knowledge of a substantial risk of serious harm to guarantee the safety of Plaintiff from an attacker 35 years younger than him.

27.     Defendants exhibited further disregard for Plaintiff's safety by placing Plaintiff and Prisoner Anderson in the same bullpen while awaiting court transfer where Anderson again threatened Plaintiff. At Plaintiff's insistence, Officer Casteneda separated the two for transport to court.

Notwithstanding the duties and obligations owed to Plaintiff, Defendants committed one or more of the following acts of utter and deliberate indifference or conscious disregard for Plaintiff:

a.     Failure to protect him from a specific known anticipated attack from Tramell McGraw Anderson.

b.     Failed to provide for his safety and welfare.

c.     Failed to prevent Tramell McGraw Anderson, his assailant, from attacking him.

d.     Failed to alert staff of a known and specific threat.

e.     Failed to monitor Tramell McGraw Anderson, his assailant.

f.     Failed to follow or have policies and procedures in place.

7

g.      Failed to determine that Tramell McGraw Anderson posed a risk to other inmates

and not a suitable candidate for protective custody.

As a proximate result of these inactions, Plaintiff was assaulted.

WHEREFORE, Plaintiff prays that a judgment be entered against the Defendants in their

individual capacities:

A.      Granting Plaintiff a declaration that the acts and omissions described herein

violate his rights under the Constitution and laws of the United States.

B.      Granting Plaintiff compensatory damages of at least $100,000 against each

Defendant in their individual capacities, general and special damages, punitive damages, plus

attorneys fees, costs and injunctive relief.

C.      A Jury trial on all issues triable by jury.

D.      Recovery of Plaintiff's costs and attorneys fees in this suit; and

E.      Any additional relief this court deems just, proper and equitable.

CALVIN LEON LOUIS, Plaintiff

s/John J. Toomey
ARNOLD AND KADJAN
35 E. Wacker Drive, Suite 600
Chicago, IL 60601
Telephone No.:  (312) 236-0415
Facsimile No.:   (312) 341-0438
Dated:  November 1, 2019

8